Graham, Judge,
delivered the opinion of the court:
Plaintiffs have been the liquidating trustees of the Associated Engineers Company since its dissolution on September 22, 1925. In 1915 said company purchased 100 shares of the common stock of the Chadron Ice & Creamery Company for $8,000. The said Engineers Company in making its return in March, 1925, for its 1924 tax, claimed a deduction of $8,000, the amount paid for this stock as becoming and as ascertained to be worthless in the year 1924. On an examination of the books and records of the Engineers Company the Commissioner of Internal Revenue disallowed this claimed deduction but issued a certificate of overassessment for $79.81 on another ground, in favor of the company, which certificate is still held by the General Accounting Office subject to the demand of the plaintiffs.
On December 3, 1926, the plaintiffs filed a claim for refund for the year 1924, in the sum of $1,079.81, the amount sued for here, $1,000 of which related to the disallowance of the item of $8,000 claimed as a credit, the remainder, *661 $79.81, related to the claim already allowed as stated. On •March 3,1927, said claim for refund was rejected.
The said Chadron Company was reorganized on January 6, 1925, and thereafter the Engineers Company purchased 87 shares of its preferred stock issued under the reorganization for the sum of $8,700, and on February 11, 1926, surrendered to the said reorganized company for cancellation the said 100 shares of stock, and received at the same time 87 shares of the preferred stock. Thus, the date of the actual surrender or sale of the said 100 shares of the Chadron stock, the date when its possession and ownership terminated, was February 11, 1926.
The applicable regulation of the Commissioner of Internal Revenue, No. 65, Article 144, deals with losses on stocks and provides that when shrinkage of value is claimed the allowable loss must be actually suffered when the stock is sold. If it is claimed to be worthless its cost or other basis may be deducted “ in the taxable year in which it became worthless provided a satisfactory showing of its worthlessness be made, as in the case of bad debts.” There is nothing in the record to indicate that this regulation is unreasonable and not in accord with the spirit and purpose of the act. The burden of showing compliance with the regulation is upon the plaintiffs, and this they have failed to do.
The court has found that it does not satisfactorily appear that the stock was worthless or so ascertained to be in the year 1924, or that it was charged off on the books in that year as worthless. This disposes of that portion of the plaintiffs’ claim amounting to $1,000, which was based upon the right to deduct this stock as a loss. The balance of the claim, $79.81, has already been passed upon and allowed by the commissioner, and certified to the General Accounting Office, and has since July, 1926, been at the disposal of the plaintiffs.
The petition should be dismissed, and it is so ordered.
SiNNOtt, Judge; GeeeN, Judge; Moss, Judge; and Booth, Chief Justice, concur.